UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

HUMANA INSURANCE COMPANY

    Plaintiff,

v.                                          CASE NO.: _____

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

    Defendant.

## COMPLAINT

Plaintiff, Humana Insurance Company ("Humana"), in support of its cause of action against Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), states as follows:

## OVERVIEW

1.     Humana brings this action pursuant to the Medicare Secondary Payer law, 42 U.S.C. § 1395y(b)(3)(A), which creates a private cause of action for double damages in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with the Medicare Secondary Payer law, 42 U.S.C. § 1395y(b)(1) and (b)(2)(A).

2.     Humana seeks to recover certain conditional Medicare payments made with respect to the medical expenses incurred by Member Cade enrolled in a Medicare Advantage plan administered by Humana, for which State Farm was the primary payer under the Medicare Secondary Payer law, 42 U.S.C. § 1395y(b)(2)(A)(ii). Under the Medicare Secondary Payer law, the primary payer is required to pay such medical expenses, and if it does not do so, the primary payer is required to repay Medicare or the Medicare Advantage plan conditional payments.

340648.2

## PARTIES

3. Plaintiff, Humana Insurance Company is a corporation incorporated in Wisconsin, with its principal place of business at 1100 Employers Boulevard, DePere, Wisconsin.

4. Humana has contracted with the Centers for Medicare and Medicaid Services ("CMS") to administer Medicare benefits for Medicare beneficiaries who elect to enroll in the Medicare Advantage and Medicare Prescription Drug programs, Parts C and D, respectively of Medicare. Organizations that contract with the federal government to administer benefits under the Medicare Advantage program are referred to as "Medicare Advantage organizations" or "MA organizations." Humana brings this action in its capacity as a Medicare Advantage organization.

5. Defendant, State Farm Mutual Automobile Insurance Company, is an insurer incorporated in Illinois with its principal place of business in Bloomington, Illinois.

6. Defendant State Farm issues automobile liability insurance policies in the State of Louisiana.

## JURISDICTION AND VENUE

7. This is a matter arising under the laws of the United States of America. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1367.

8. Humana brings this action pursuant to the Medicare Secondary Payer law, 42 U.S.C. § 1395y(b)(3)(A), which creates a private cause of action for double damages when a primary plan – in this case, the automobile liability policy issued by State Farm – fails to provide for primary payment in accordance with the Medicare Secondary Payer law, 42 U.S.C. § 1395y(b)(1) and (b)(2)(A).

340648.2

## PARTIES

3. Plaintiff, Humana Insurance Company is a corporation incorporated in Wisconsin, with its principal place of business at 1100 Employers Boulevard, DePere, Wisconsin.

4. Humana has contracted with the Centers for Medicare and Medicaid Services ("CMS") to administer Medicare benefits for Medicare beneficiaries who elect to enroll in the Medicare Advantage and Medicare Prescription Drug programs, Parts C and D, respectively of Medicare. Organizations that contract with the federal government to administer benefits under the Medicare Advantage program are referred to as "Medicare Advantage organizations" or "MA organizations." Humana brings this action in its capacity as a Medicare Advantage organization.

5. Defendant, State Farm Mutual Automobile Insurance Company, is an insurer incorporated in Illinois with its principal place of business in Bloomington, Illinois.

6. Defendant State Farm issues automobile liability insurance policies in the State of Louisiana.

## JURISDICTION AND VENUE

7. This is a matter arising under the laws of the United States of America. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1367.

8. Humana brings this action pursuant to the Medicare Secondary Payer law, 42 U.S.C. § 1395y(b)(3)(A), which creates a private cause of action for double damages when a primary plan – in this case, the automobile liability policy issued by State Farm – fails to provide for primary payment in accordance with the Medicare Secondary Payer law, 42 U.S.C. § 1395y(b)(1) and (b)(2)(A).

340648.2

13. Medicare Advantage plans are regulated in almost all aspects by federal law. By the express terms of the Medicare Modernization Act, "[t]he standards established under this part [i.e., Part C] shall supersede any state law or regulation (other than State licensing laws or State laws relating to plan solvency) with respect to the [Medicare Advantage] plans which are offered by [Medicare Advantage] organizations under this part." 42 U.S.C. § 1395w-26(b)(3). The rules established by HHS with respect to Medicare Advantage plans likewise "supersede any State laws, regulations, contract requirements, or other standards that would otherwise apply to MA plans." 42 C.F.R. § 422.108(f); *see also*, 42 C.F.R § 422.402.

## THE MEDICARE SECONDARY PAYER LAW

14. From its inception through 1980, Medicare generally paid for medical services regardless of whether the recipient was also covered by another health plan. In 1980, in response to the sky rocketing cost of Medicare, Congress enacted the Medicare Secondary Payer ("MSP") law, 42 U.S.C. § 1395y(b)(2). Congress did so in order to reduce federal spending and to protect the financial well being of the Medicare program. The MSP law was designed to lower overall federal Medicare disbursements by requiring Medicare beneficiaries to exhaust other available insurance coverage before looking to their Medicare coverage.

15. The Medicare Secondary Payer law and its implementing regulations achieve this objective in two ways: (1) they exclude coverage under Medicare where "payment has already been made or can reasonably be expected to be made promptly" by a primary plan, 42 U.S.C. § 1395y(b)(2)(A); and (2) when Medicare makes a payment that a primary plan is responsible for, the payment is merely conditional and Medicare is entitled to reimbursement for it, 42 U.S.C. § 1395y(b)(2)(B).

16. The key provision in the MSP law states:

> Payment <u>under this title</u> [42 USCS §§ 1395 et seq.] may not be made, except as provided in subparagraph (B), with respect to any item or service to the extent that—
>
> (i) payment has been made, or can reasonably be expected to be made, with respect to the item or service as required under paragraph (1) [i.e., by employer group health plans], or
>
> (ii) payment has been made or can reasonably be expected to be made under a workmen's compensation law or plan of the United States or a State or <u>under an automobile or liability insurance policy</u> or plan (including a self-insured plan) or under no fault insurance.

42 U.S.C. § 1395y(b)(2)(A) (emphasis added). This provision refers to payment "under this title," i.e., Title XVIII of the Social Security Act. Thus, this law applies to the entire Medicare program, including Part C, the Medicare Advantage program, and Part D, the voluntary Medicare Prescription Drug program.

17. Benefits under the Medicare Advantage program are subject to the same Medicare Secondary Payer law as original Medicare, 42 U.S.C. §1395y(b)(2). Specifically, 42 U.S.C. § 1395w-22(a)(4) makes the MSP law (42 U.S.C. §1395y(b)(2)) applicable to Medicare Advantage plans.

18. The MSP law defines a "primary plan" to include automobile or liability insurance:

> In this subsection, the term "primary plan" means a group health plan or large group health plan, to the extent that clause (i) applies, and <u>a workmen's compensation law or plan, an automobile or liability insurance policy or plan (including a self-insured plan) or no fault insurance</u>, to the extent that clause (ii) applies. An entity that engages in a business, trade, or profession shall be deemed to have a self-insured plan if it carries its own risk (whether by a failure to obtain insurance, or otherwise) in whole or in part.

42 U.S.C. §1395y(b)(2)(A) (emphasis added); *see also* 42 C.F.R. § 411.21 and § 411.50(b).

340648.2

19. Thus, the MSP law addresses two distinct kinds of coverage: (1) employer group health plans and (2) automobile and liability insurance, no fault insurance and workmen's compensation. This action does not involve coordination of Medicare benefits with employer group health plans. This action involves coordination of Medicare benefits with automobile liability insurance.

20. Neither State law nor the primary payer, through contract provisions or otherwise, may override the secondary status of Medicare:

> Medicare benefits are secondary to benefits payable by a primary payer even if State law or the primary payer states that its benefits are secondary to Medicare benefits or otherwise limits its payments to Medicare beneficiaries.

42 C.F.R. § 411.32(a)(1).

## MEDICARE CONDITIONAL PAYMENTS

21. Medicare makes conditional payments for otherwise covered medical services if the primary payer "cannot reasonably be expected to make payment . . . promptly." 42 U.S.C. § 1395y(b)(2)(B)(i).

22. The MSP law requires that when Medicare has made a conditional payment, the primary plan must reimburse Medicare. *See* 42 USC §1395y(b)(2)(B)(ii); *see also* 42 C.F.R. § 411.22(a).

23. Thus, for example, if an automobile insurance company is liable to a Medicare enrollee for medical expenses, then the automobile insurance company is the primary payer. If Medicare has paid for those expenses, Medicare is entitled to reimbursement under the MSP statute.

340648.2

24. The same rules apply to Medicare Advantage plans. *See* 42 U.S.C. § 1395w-22(a)(4); 42 C.F.R. § 422.108(f).

## FACTUAL ALLEGATIONS

25. Member Cade is a Medicare eligible individual who resides in Livingston Parish, State of Louisiana.

26. Member Cade elected to receive her Medicare benefits through a Medicare Advantage plan administered by Plaintiff Humana. Member Cade was enrolled in that Medicare Advantage plan on May 10, 2007.

27. Member Cade sustained personal injuries, in an automobile accident, including injury to her lumbar and cervical spine, which resulted in surgery to her cervical spine, on or about May 10, 2007. The automobile accident was the fault of State Farm's insured.

28. Member Cade obtained treatment for her injuries during the period from April 15, 2008 through October 6, 2008, during which time she obtained her Medicare benefits through Humana.

29. With respect to the items and services obtained by Member Cade to treat the injuries she sustained, Humana made conditional payments of Medicare benefits in the amount of $20,170.63 (the "Conditional Payments").

30. On or about April 23, 2008, Member Cade filed suit against Defendant State Farm and its insured, seeking damages for Member Cade's injuries suffered as a result of the automobile accident, including medical expenses.

31. On or about November 19, 2008, State Farm settled with Member Cade in the amount of $99,000.00, for all claims asserted by Member Cade in her lawsuit.

32. Defendant State Farm, the primary plan, did not ensure that Humana was reimbursed the Conditional Payments of $20,170.63 paid on Member Cade's behalf.

## COUNT ONE

## DECLARATORY JUDGMENT

33. Plaintiff reincorporates the allegations of paragraphs 1 through 32 of the Complaint as if set forth herein.

34. Plaintiff Humana seeks a declaratory judgment providing:

   a. That Humana's payments for Medicare benefits are Conditional Payments, as that term is used in the MSP law and implementing regulations; and

   b. That the State Farm policy was the "primary plan" and State Farm was the "primary payor," as those terms are used in the federal MSP law and regulations (and as defined at 42 C.F.R. § 411.21), with respect to the Conditional Payments made by Humana; and

   c. That under 42 U.S.C. §1395y(b)(3)(A), Humana is entitled to recover double damages because State Farm failed to provide for primary payment in accordance with the MSP law; and

   d. That Humana is entitled to recover double damages for the medical expenses for which State Farm failed to provide for primary payment or appropriate reimbursement of the Conditional Payments made by Humana.

## COUNT TWO

## ACTION FOR RECOVERY OF MEDICARE CONDITIONAL PAYMENTS

35. Plaintiff reincorporates the allegations of paragraphs 1 through 34 of the Complaint as if set forth herein.

36. Plaintiff Humana brings this action pursuant to the Medicare Secondary Payer law, 42 U.S.C. § 1395y(b)(3)(A), to recover double damages from Defendant State Farm, for the Medicare Conditional Payments that Humana made with respect to the medical expenses required to treat the injuries sustained by Member Cade. Defendant State Farm is liable for such

damages because its medical payments coverage was the primary plan, but Defendant State Farm failed to provide primary payment or appropriate reimbursement in accordance with the MSP law, 42 U.S.C. § 1395y(b)(2)(A).

37. With respect to Member Cade, the coverage issued by Defendant State Farm was primary to the Medicare Advantage plan administered by Humana, in which Member Cade was enrolled.

38. Because Plaintiff Humana advanced Conditional Payments of Medicare benefits of $20,170.63, for which Defendant State Farm failed to provide promissory payments or appropriate reimbursement to Humana, Defendant State Farm is liable to Plaintiff Humana for double damages in the amount of $40,341.26.

## COUNT THREE

## ACTION FOR DOUBLE DAMAGES

39. Plaintiff reincorporates the allegations of paragraphs 1 through 38 of the Complaint as if set forth herein.

40. Plaintiff Humana brings this action pursuant to the Medicare Secondary Payer law, 42 U.S.C. § 1395y(b)(3)(A), to recover double damages from Defendant State Farm, with respect to the Medicare Conditional Payments that Plaintiff Humana made with respect to the medical expenses required to treat the injuries sustained by Member Cade. Defendant State Farm is liable for such damages because its coverage was the primary plan, but State Farm failed to provide primary payment or appropriate reimbursement in accordance with the Medicare Secondary Payer law, 42 U.S.C. § 1395y(b)(2)(A).

THEREFORE, Plaintiff Humana Insurance Company prays for:

    a.    A declaratory judgment;

340648.2

    b.    Double damages;

    c.    Such other relief, including its costs and attorney's fees, as may be warranted under the circumstances.

Respectfully Submitted By:

*/s/ Layna S. Cook*

Errol J. King – Bar Roll No. 17649
Craig L. Caesar – Bar Roll No. 19235
Layna S. Cook – Bar Roll No. 26242
Daniel P. Guillory – Bar Roll No. 31180
**McGlinchey Stafford, PLLC**
Fourteenth Floor – One American Place
Baton Rouge, Louisiana 70825
Telephone: (225)383-9000
Facsimile: (225) 343-3076
Counsel for Humana Insurance Company

340648.2