UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HUMANA INSURANCE COMPANY

VERSUS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

CIVIL ACTION

NUMBER 09-902-RET-SCR

**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is a Motion to Compel Discovery filed by defendant State Farm Mutual Automobile Insurance Company. Record document number 31. No opposition has been filed.

On January 11, 2010 defendant served Interrogatories and Request for Production on plaintiff Humana Insurance Company. These discovery requests seek basic information about the plaintiff's claims, damages, supporting evidence and witnesses.[1] After the plaintiff failed to respond within the 30 day deadline provided by Rules 33 and 34, Fed.R.Civ.P., counsel for the defendant sent letters to the plaintiff's counsel requesting the plaintiff's outstanding discovery responses.[2] Defendant also asserted that an informal conference was held between the parties' counsel, where the discovery responses were again requested from

---

[1] Record document number 31, Exhibit A.

[2] Record document number 31, Discovery Certificate.

the plaintiff.[3]  Plaintiff's counsel has not produced any discovery responses to date.

Defendant filed this motion to obtain the outstanding responses to its discovery requests and also sought an award of costs incurred in bringing this motion.

Plaintiff's failure to provide answers and responsive documents or object to the defendant's discovery requests demonstrates that under Rule 37(a), Fed.R.Civ.P., the defendant is entitled to an order compelling the plaintiff to respond to the defendant's Interrogatories and Requests for Production of Document.  Plaintiff must serve its answers produce responsive documents within 14 days.  No objections will be allowed.[4]

Under Rule 37(a)(5)(A), if a motion to compel discovery is granted, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the discovery without court action, the party's nondisclosure, response or objection was substantially justified, or that other

---

[3] *Id.*

[4] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts.  See, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D.Miss. 1990.)

circumstances make an award of expenses unjust.

Plaintiff's failure to respond to the defendant's efforts to obtain requested discovery responses and to this motion demonstrate that the defendant is entitled to reasonable expenses under this rule.[5]  Nothing was filed in the record to demonstrate the amount of attorney's fees incurred.  A review of the motion and memorandum supports the conclusion that an award of $200.00 is reasonable.

Accordingly, the Motion to Compel Discovery filed by defendant State Farm Mutual Automobile Insurance Company is granted. Plaintiff shall serve its answers and produce documents in response to the defendant's Interrogatories and Request for Production, without objections, within 14 days.  Pursuant to Rule 37(a)(5)(A), the plaintiff is also ordered to pay to the defendant, within 14 days, reasonable expenses in the amount of $200.00.

Baton Rouge, Louisiana, June 25, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5] These same facts show that the plaintiff's actions are not substantially justified and that there are no circumstances which would make an award of expenses unjust.