UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HUMANA INSURANCE COMPANY
                                                  CIVIL ACTION

VERSUS
                                                  NUMBER 09-902-BAJ-SCR

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, ET AL

**<u>RULING ON MOTION TO SUBSTITUTE PLAINTIFF</u>**

Before the court is the Motion to Substitute Party Plaintiff filed by plaintiff Humana Insurance Company. Record document number 45. The motion is opposed by defendant State Farm Mutual Automobile Insurance Company.[1]

Plaintiff filed this civil action on October 19, 2009, defendant filed its answer on January 4, 2010, and a Status Report was filed January 25, 2010. In its answer the defendant denied "that the petitioner owns, and/or has a right to assert the claims asserted in this litigation, ... [t]hose rights are not by law given to Humana Insurance Company."[2] In the Status Report, the defendant listed as an issue "[w]hether Humana owns and/or has the right to assert the claims brought in this litigation."[3]

Plaintiff Humana previously filed a motion for partial summary judgment seeking a declaration that it has the right to recover

---

[1] Record document number 46.

[2] Record document number 4, p. 5, ¶ II.

[3] Record document number 13, p. 3, item D.6.

damages and penalties from the defendant,[4] to which the defendant filed a substantial opposition.[5] A month later, on April 20, 2010, the plaintiff moved to withdraw its motion, having recognized that it did not pay benefits on behalf of Katherine Cade, asserting that the benefits were actually paid by Humana Benefit Plan of Louisiana, Inc., and noting that an amendment to the complaint will be necessary.[6] Nonetheless, the plaintiff did not promptly seek leave to file an amended complaint. Now, just ten days before the August 1, 2010 deadline to complete fact discovery,[7] the plaintiff has moved to substitute Humana Benefit Plan of Louisiana, Inc. as the plaintiff.

As noted by the defendant in its opposition memorandum, the plaintiff offered no justification or even an explanation for filing a suit to recover benefit payments it did not make. All the plaintiff offered by way of an explanation is that it and Humana Benefit Plan of Louisiana, Inc. are affiliated companies, ultimately both are subsidiaries of Humana, Inc., and both have contracted with the Center for Medicare and Medicaid Services as

---

[4] Record document number 24. The motion was supported by the affidavit of a Humana claims analyst who asserted that the plaintiff made payments on behalf of Cade. Record document number 24-3. Absent some reasonable explanation, this statement in the affidavit amounts to a misrepresentation of a material fact.

[5] Record document number 29.

[6] Record document number 33, p. 1. The motion was granted. Record document number 34.

[7] See record document number 17, Scheduling Order, p. 1. item A.

Medicare Advantage Organizations. Plaintiff offered no explanation for failing to discover that it is not the proper party plaintiff much sooner, and despite the fact that the defendant twice questioned whether the plaintiff "owns and/or has the right to assert the claims brought in this litigation" more than six months ago.  Plaintiff has not explained how the corporate structure excuses its failure to know before suit was filed, or to at least promptly discover after the defendant questioned the plaintiffs right to assert the claims, that it did not make the alleged payments on behalf of Cade.[8]

Rule 17(a)(3), Fed.R.Civ.P., "is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought." Wright, Miller & Kane, *Federal Practice and Procedure, Civil 3rd*, § 1555, p. 565.  The cases which permit substitution generally involve some "honest mistake" made in selecting the proper party plaintiff.  *Id.* at 570.  "Thus, it has been held that when the determination of the right party to bring the action was not difficult and when no excusable mistake had been made, then Rule 17(a)(3) is not applicable and the action should be dismissed." *Id.* at 571, citing cases.

---

[8] Moreover, the affidavit filed with the motion does not assert that Humana Benefit Plan of Louisiana, Inc., paid any benefits on behalf of Cade.  Also as noted by the defendant, it is unclear how long the plaintiff knew of the mistake before it notified its counsel, or how long counsel knew of the mistake before filing the motion to withdraw the motion for summary judgment.

Absent some kind of explanation, the court cannot assume that the plaintiff did not have the relevant correct information about the payment of benefits on behalf of Cade - or at least that it did not pay those benefits - before suit was filed, or that it could not have timely discovered the correct information soon thereafter.

Even assuming that the plaintiff did not have the correct information when it filed suit, it had a reasonable amount of time after it was put on notice that it may not have the right to bring the claim asserted to correct the pleading error. And even after it acknowledged having the correct information - no later than April 20, 2010 - the plaintiff delayed another three months before filing its motion to substitute.[9] Plaintiff had a reasonable period of time to substitute Humana Benefit Plan of Louisiana, Inc., as the proper party plaintiff, but did not do so.

The circumstances described above support denial of the plaintiff's motion.

Accordingly , the Motion to Substitute Party Plaintiff filed by plaintiff Humana Insurance Company is denied.

Baton Rouge, Louisiana, August 10, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[9] *See Weiberg v. GTE Southwest, Inc.*, 71 Fed.Appx. 400 (5th Cir. 2003)(seven months more than reasonable amount of time to correct pleading deficiency and satisfy Rule 17(a)).