UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HUMANA INSURANCE COMPANY

VERSUS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

CIVIL ACTION

NO.09-902-BAJ-SCR

**RULING AND ORDER**

This matter is before the Court on a motion by defendant, State Farm Mutual Automobile Insurance Company ("State Farm") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 47). Plaintiff, Humana Insurance Company ("Humana"), does not oppose the motion to dismiss (doc. 49).

Humana filed the present action against State Farm on October 19, 2009, pursuant to the Medicare Secondary Payer Law, 42 U.S.C. §1395y(b)(3)(A). Plaintiff prayed for reimbursement and double damages for Medicare benefits that it had allegedly paid with regard to the treatment of a covered individual, Katherine N. Cade. After answering the complaint and denying any legal liability to plaintiff, defendant filed a third-party demand and cross-claim, naming as third-party defendants, Katherine N. Cade, Kenner O. Miller, Jr., and The Miller Law Firm. State Farm alleges that, pursuant to certain contracts and agreements, the third-party defendants have an obligation to fully defend, protect, indemnify, and hold State Farm harmless against such claims as have been asserted by plaintiff in this

action. State Farm further asserts that third-party defendants have failed to comply with the terms of the agreements and should, accordingly, be held liable to State Farm for any damages the Court may award Humana in its action against State Farm and for any costs incurred by State Farm in defending that action, together with legal interest thereon. On March 15, 2010, third-party defendant, Katherine N. Cade filed a third-party demand and cross-claim naming as defendants, Terry Irby and Kenner O. Miller, Jr., alleging that they had breached a contractual duty to properly disburse entrusted funds to Humana.

On April 20, 2010, however, Humana disclosed that it had discovered that it had not actually paid the benefits out of which the original claims arise. Accordingly, the Court concludes that, pursuant to Rule 17(a) of the Federal Rules of Civil Procedure, plaintiff is not the proper party to prosecute that claim, and the motion to dismiss the Humana's complaint shall be granted and the matter shall be referred back to the Magistrate Judge for further proceedings.

## CONCLUSION

For the above reasons, the motion by State Farm Mutual Automobile Insurance Company (doc. 47) is **GRANTED** and **IT IS ORDERED** that the complaint filed by Humana Insurance Company be, and is, hereby **DISMISSED** with prejudice. The remaining actions are referred back to the Magistrate Judge for further proceedings.

Baton Rouge, Louisiana, December 17, 2010.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA